UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60139-DAMIAN/STRAUSS

**ERIC BROTON,**

    Plaintiff,

v.

**WALMART, INC.,**

    Defendant.

_____ /

## ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion for Leave to File Amended Complaint ("Motion"). [DE 25]. The Honorable Melissa Damian has referred all pretrial non-dispositive matters to me pursuant to 28 U.S.C. § 636. [DE 15]. I have reviewed the Motion and the response [DE 33] thereto, and all pertinent portions of the record.[1] For the reasons discussed herein, the Motion is **DENIED**.

---

[1] Plaintiff has not filed a reply and the time to do so has long passed. Though filing a reply to a motion is permissive rather than mandatory, *see* S.D. Fla. L.R. 7.1(c)(1), "[a] party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness," *Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023). *See also W. Flagler Assocs., Ltd. v. City of Miami*, 407 F. Supp. 3d 1291, 1297 (S.D. Fla. 2019) ("The Defendant abandoned its argument regarding the Plaintiff's standing because its Reply failed to address any of the [Plaintiff's] arguments or authority."); *Conden v. Royal Caribbean Cruises Ltd.*, No. 20-22956-CIV, 2021 WL 4973533, at *7 (S.D. Fla. June 21, 2021) (finding that defendant's failure to meaningfully respond to plaintiff's counterarguments in its reply constituted a concession by defendant of the arguments' persuasiveness). Additionally, in failing to file a reply, Plaintiff has left unaddressed Defendant's allegation that Plaintiff has not been forthright about his own citizenship and how that can, or should, affect the Court's analysis.

**BACKGROUND**

Plaintiff suffered an injury at one of Defendant's locations after a case of merchandise that one of Defendant's employees was offloading allegedly fell onto Plaintiff's foot. [DE 25] at 2. Plaintiff filed suit in Florida state court on March 2, 2023, alleging a claim for premise liability against Defendant and common law negligence against William Gomez ("Gomez"). [DE 1–2]. Because Plaintiff did not know "the identity or name of the specific employee in question," Plaintiff named Gomez, "the individual believed to be the store manager at the time of the incident." [DE 25] at 2. However, as Plaintiff's Motion admits, Gomez was only "a place holder, until discovery commenced, at which time the alleged negligent employee would be identified and properly named." *Id.* at 2–3. When Plaintiff attempted to serve Gomez on March 20, 2023, at the Wal-Mart store where the incident had occurred, the process server failed to find him, noting on the return of non-service "HAS NOT WORKED HERE IN YEARS." [DE 1–6] at 18.

In December 2023, the state court dismissed Gomez, without prejudice, for failure to serve him within 120 days after filing of the initial pleading. *Id.* at 170. Then, in January 2024, ten months after Plaintiff initiated suit, Plaintiff propounded discovery requests for the first time upon Defendant. *Id.* at 190. Before responses to those requests were due, Defendant removed the suit to federal court based on diversity jurisdiction. [DE 1].

Less than a month later, Plaintiff moved to remand the case back to state court. [DE 11]. The Court denied the motion and found that "diversity jurisdiction currently exists." [DE 14] at 1. In its Rule 26 disclosures, Defendant identified Imari Whipple ("Whipple") as someone "[b]elieved to have knowledge regarding the alleged incident and Plaintiff's physical condition after the alleged incident." [DE 25] at 4. Defendant later informed Plaintiff that Whipple no longer worked for Defendant. *Id.* Plaintiff deposed Whipple in May 2024 and learned that he was the

2

employee who was offloading the pallet at the time of Plaintiff's injury. *Id.* Plaintiff now seeks leave to amend his complaint to add Whipple as an additional defendant.

## **LEGAL STANDARD**

When a plaintiff seeks to amend their complaint to join a non-diverse party after removal, the district court's analysis begins with 28 U.S.C. § 1447(e), rather than Rule 15's liberal amendment standards. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

While assessing whether to grant a plaintiff leave to amend to add the non-diverse party, the district court should use its discretion by balancing "the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (quoting *Hensgens*, 833 F.2d at 1182). Specifically, the court should consider the following four factors: "(1) 'the extent to which the purpose of the amendment is to defeat federal jurisdiction,' (2) 'whether plaintiff has been dilatory in asking for amendment,' (3) 'whether plaintiff will be significantly injured if amendment is not allowed,' and (4) 'any other factors bearing on the equities.'" *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885 (11th Cir. 2020) (quoting *Hensgens*, 833 F.2d at 1182); *see also Reyes*, 774 F. App'x at 517 (same).

## ANALYSIS

After considering the four factors enumerated in *Hensgens*, which the Eleventh Circuit has found instructive and applied in several cases, I find that leave to amend should not be granted. I address each factor in turn below.

The first factor – the extent to which the purpose of the amendment is to defeat federal jurisdiction – weighs in Defendant's favor. Courts must look carefully at motions to join non-diverse defendants made after removal because one implication could be that the party proffered the motion with the specific purpose of destroying federal jurisdiction. *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011).

Here, it is clear that the purpose of Plaintiff's amendment is to defeat diversity, as Plaintiff has appeared intent on avoiding diversity jurisdiction from the beginning of his case.[2] Plaintiff originally included Gomez in his Complaint filed on March 2, 2023. [DE 1–2]. The fact that a plaintiff sought to sue a non-diverse party from the outset – rather than adding the non-diverse party only after removal to federal court – often weighs this first factor in a plaintiff's favor. *See Dever v. Family Dollar Stores of Georgia, LLC*, 755 F. App'x 866 (11th Cir. 2018); *Smith v. Autauga N. R.R., LLC*, No. 2:17-CV-339-MHT-DAB, 2017 WL 6060898, at *3 (M.D. Ala. Nov. 16, 2017), *report and recommendation adopted*, 2017 WL 6061022 (M.D. Ala. Dec. 7, 2017);

---

[2] Indeed, Plaintiff's initial Motion to Remand [DE 11] (filed before Plaintiff had identified a proper non-diverse party) and the fact that Plaintiff seeks remand in the same filing as his Motion for Leave to Amend also suggest that the amendment is for the purpose of defeating diversity. *See Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV, 2010 WL 2822195, at *4 (S.D. Fla. July 16, 2010) ("[W]here, as here, the motion to amend and motion to remand are simultaneous and even embodied in the same filing before the court, it suggests that the amendment was designed to defeat jurisdiction."); *Mehta v. New York Life Ins. Co.*, No. 8:09CV59T33TGW, 2009 WL 2252270, at *4 (M.D. Fla. July 28, 2009).

*Smith v. Walmart Stores E., LP (Delaware)*, No. 2:19-CV-00138-SCJ, 2019 WL 13240621, at 4–5 (N.D. Ga. Oct. 30, 2019).

However, Plaintiff's admission that he named Gomez "as a placeholder," rather than suing an as-yet-identified "John Doe," suggests that Plaintiff did so in order to thwart removal rather than as genuine means to redress his injury. If Plaintiff had any belief that Gomez was a culpable party when he filed his Complaint (and Plaintiff's "placeholder" admission suggests he did not), the return of non-service he received merely a few weeks later indicating that Gomez "HAS NOT WORKED HERE IN YEARS" gave him significant reason to question whether he had sued the correct non-diverse individual. Yet, over the ensuing nine months, Plaintiff did not propound any discovery to Defendant to ascertain who the correct party would be and kept his "placeholder," Gomez, as a party until the state court dismissed Gomez for failure to serve him.

Only after the state court dismissed Gomez did Plaintiff then propound any sort of discovery. Plaintiff provides no justification for his delay in attempting to determine who the proper party was, belying his contention that he was "actively seeking discovery in that regard." [DE 25] at 7. In other words, Plaintiff only made an earnest effort to identify the correct party and amend his Complaint once removal became possible (and then occurred). The combination of Plaintiff knowingly suing the incorrect party as a "placeholder" and his apparent disinterest in identifying the correct party until diversity existed makes clear that the purpose of both the initial "placeholder" and the current proposed amendment is to defeat diversity.

For similar reasons, the second factor – whether a plaintiff has been dilatory in asking for amendment – also weighs in Defendant's favor. "A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." *Hickerson*, 818 F.

App'x at 886.  As discussed above, Plaintiff filed his lawsuit in March 2023.  Plaintiff admits that he only named Gomez "to serve as a placeholder while he was able to learn the correct identity of that individual."  [DE 25] at 6.  Plaintiff obviously knew from the start that *some* individual Wal-Mart employee was potentially liable.  Yet, Plaintiff did not attempt to learn who the proper party was until ten months after filing suit and only after the state court dismissed Gomez.  And, again, Plaintiff offers no explanation for his failure to serve any discovery in the first ten months of the case.  While Plaintiff did seek amendment expeditiously after confirming that Whipple was the employee at issue, it was unreasonable for Plaintiff to wait almost a year to even begin to ascertain who the proper party was.  Thus, Plaintiff was dilatory in doing what was necessary to be in a position to ask for amendment, and this second factor weighs against granting leave to amend now.

The third factor – whether a plaintiff will be significantly injured if amendment is not allowed – similarly weighs in Defendant's favor.  Plaintiff contends that if the Court does not permit him to add Whipple, then the Court would effectively deny Plaintiff the opportunity to bring a claim against Whipple who he believes was negligent and contributed to his injuries.  *Id.* at 6–7.  However, Plaintiff can bring a claim against Whipple.  The injury occurred in 2022, and Florida's four-year statute of limitations has not run on any negligence claim Plaintiff may have against Whipple.  § 95.11(3)(a), Fla. Stat. (2022).[3]  Plaintiff may have to expend additional time and resources if forced to proceed with parallel state and federal lawsuit, but that is "a consequence anytime a post-removal motion to amend to add a non-diverse defendant is denied."  *Houston v. Creative Hairdressers, Inc.*, No. 3:17-CV-421-J-32MCR, 2018 WL 388490, at *2 (M.D. Fla. Jan. 12, 2018). Moreover, "there is no suggestion that [D]efendant is or will become insolvent or would

---

[3] Florida recently amended its statute of limitations and now only allows parties to bring a negligence action within two years of the incident.  § 95.11(4)(a), Fla. Stat. (2023).  Nevertheless, because Plaintiff's injury occurred in 2022, Florida's old statute of limitations applies.  *See Dade County v. Ferro*, 384 So. 2d 1283, 1287 (Fla. 1980).

be unable to pay any ultimate damages award," meaning "the need to sue [Whipple] at all is questionable." *Id.*

Finally, when "balancing the equities, the parties do not start out on equal footing." *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) (quoting *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)). Diverse defendants have a statutory right to remove actions to federal courts. *See id.*; *see also Wade v. Dolgencorp, LLC*, No. 8:09-CV-01470-T-24, 2009 WL 8630725, at *4 (M.D. Fla. Oct. 14, 2009) ("Dollar General, as a diverse defendant, has an interest in retaining the federal forum."). Furthermore, Plaintiff has not pointed to any additional factors the Court should consider in its analysis.

Plaintiff instead primarily relies on *Dever v. Family Dollar Stores of Georgia, LLC*, 755 F. App'x 866 (11th Cir. 2018), to support his contention that leave to amend should be granted. That reliance is misplaced.

In *Dever*, the plaintiff sued the defendant and its manager after suffering a slip and fall on the defendant's premises. *Id.* at 867. The defendant immediately removed the case to federal court and alleged that the plaintiff fraudulently joined the non-diverse manager because the manager did not work for the defendant until after the slip and fall. *Id.* The district court denied the plaintiff's motion for leave to amend to add the correct manager and explained that its denial was based on the fact that the plaintiff's motivation to add the manager was to defeat federal jurisdiction. *Id.* at 867–67.

The Eleventh Circuit vacated the district court's order and remanded the case. *Id.* at 870. In doing so, the Eleventh Circuit found that although the district court considered the *Hensgens* factors, it made a clear error in judgment when it found that the plaintiff sought to add the nondiverse defendant for the first time after the defendant removed the case. *Id.* at 869. The

7

Eleventh Circuit directed the district court to consider whether to allow the plaintiff to amend in light of the fact that she attempted to sue the manager before having the case removed to federal court. *Id.* at 870.

In this instance, Plaintiff did originally name a store manager in his Complaint. However, unlike the plaintiff in *Dever*, who only found out that she sued the incorrect manager after removal, Plaintiff admits that he knew Gomez was the incorrect party from the start of the litigation and only used Gomez as a "placeholder" while Plaintiff ascertained who the real negligent employee was. Moreover, unlike the plaintiff in *Dever*, Plaintiff received indication (from his process server) that Gomez had not worked at the Wal-Mart store for years. Despite knowing that Gomez was the incorrect party, Plaintiff compounded his error by taking no action for ten months to discover who the correct party was. Moreover, Plaintiff only attempted to discover the correct party after the trial court dismissed Gomez from the lawsuit.

Thus, *Dever* is distinguishable from this case in two respects. Plaintiff intentionally sued the wrong party at the start (compared to the plaintiff in *Dever*, whom the Eleventh Circuit described as "mistaken") which more strongly suggests that Plaintiff's purpose in suing the individual from the beginning was to avoid diversity jurisdiction rather than to actually redress the harm Plaintiff suffered. Second, Plaintiff was not diligent in trying to identify the correct individual employee (again further suggesting that the point was to avoid diversity).[4]

---

[4] These facts also distinguish this case from *Williams v. Wal-Mart Stores East, LP*, 21-80651-CV-MIDDLEBROOKS/Matthewman, to which Plaintiff cited in his Motion to Remand [DE 11; 11–3]. There, Judge Middlebrooks found that the plaintiff had originally sued (in state court) the individual Wal-Mart manager that plaintiff then-believed was the manager on duty at the time. After Wal-Mart removed the case to federal court, and Williams sought to remand it to state court, Williams first learned that he had sued the wrong manager in Wal-Mart's response to the motion to remand. By contrast, Plaintiff here appears to have knowingly sued Gomez without regard to whether he was the responsible individual or not, learned that he had sued the wrong person shortly thereafter, and yet took no steps to identify the real responsible party for months.

8

After balancing all four *Hensgens* factors, and examining *Dever*, I find it appropriate to exercise the Court's discretion to deny Plaintiff's Motion.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion [DE 25] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 26th day of August 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge